# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1975V**

REBECKA BUNCH,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 16, 2026

*Matthew Joseph Devoti, Casey, Devoti & Brockland, St. Louis, MO, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 2, 2024, Rebecka Bunch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine she received on September 27, 2022. Petition at 1; Stipulation, filed at December 31, 2025, ¶¶ 1-4. On January 5, 2026, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 26.

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,270.29 (representing $23,260,00 in fees and $1,010.29 in costs) incurred by Petitioner's current counsel at Casey, Devoti & Brockland. Motion for Attorneys' Fees and Costs ("Motion") filed January 22, 2026, ECF No. 30. Additionally, Petitioner requests $8,846.37 (representing $7,490.00 in fees and $1,356.37 in costs) incurred by Petitioner's former counsel at Wolff & Wolff, for work performed before the case was initiated. *Id.* at 30. Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 30-3.

Respondent reacted to the Fees Motion on December 8, 2025, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 31. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests that I endorse the following hourly rates for attorney Matthew Devoti, prior attorney Alvin Wolff, and paralegal Mandy Chapman:

#### *i. Attorney Devoti*

The rates requested for work performed by Attorney Devoti through the end of 2024 are reasonable and consistent with prior determinations, and will therefore be adopted. Petitioner also requests the rate of $450 for work performed in 2025-26. ECF No. 30-1 at 24-26. I find this request reasonable as well, and hereby award it.

#### *ii. Attorney Wolff*

Petitioner's Fees Motion states that her prior attorney, Alvin Wolff Jr., was admitted to practice law in 1979, giving him over 40 years of legal experience from 2023-25. This appears to be Attorney Wolff's first time doing Vaccine Program work, however. Moreover, Mr. Wolff is not admitted to practice in the Court of Federal Claims – a prerequisite to obtaining full fees. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). At best, non-admitted attorneys may be compensated for work only at a rate consistent with that of a nonattorney, supportive role, akin to a paralegal. *See Pearson v. Sec'y of Health & Hum. Servs.*, No. 17-489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Mackey v. Sec'y of Health & Hum. Servs.*, No. 16-1289V, 2018 WL 3596801, at *5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role)); *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at *3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and nonadmitted attorneys practicing in the Vaccine Program).

At the same time, however, a non-admitted attorney can receive attorney's fees for work spent in preparing a Vaccine Program case in advance of its filing, but which ceases prior to a petition's formal initiation. This kind of work is compensated at the attorney's normal rate, albeit subject to the same reasonableness considerations that apply in calculating any fees award. *See Pearson*, 2019 WL 7167552, at *4 (citing *Avila v. Sec'y of Health & Hum. Servs.*, No. 14-605V, 2016 WL 6995372, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2016)); *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689, at *14 (Fed. Cl. Spec. Mstr. May 13, 2014).

Here, although Mr. Wolff is not admitted to the Court, he was not involved in the matter after the Petition was filed in December 2024. ECF No. 30-2 at 8-11.[3] I will therefore allow him attorney's fees for work performed by Mr. Wolff at the requested hourly rate of $400.00, for all his work performed in this matter.

iii. Paralegal Rate

Petitioner has also requested the following rates for paralegal Mandy Chapman (who worked on the matter with Mr. Wolff); $200.00 per hour for time billed in 2023-24, and $225 for time billed in 2025. ECF No. 30-2 at 8-11. However, these rates exceed the Vaccine Program's published ranges for paralegals based on the OSM Fee Schedules.[4] I shall instead compensate all paralegal work as follows; $186.00 per hour for 2023; the rate of $197.00 per hour for 2024; and the rate of $212.00 per hour for 2025. **Application of the foregoing reduces the fees to be awarded herein by $351.57.**[5] All other time billed to the matter shall be awarded.

[3] At most, Mr. Wolff appears to have spent a half-hour in October 2025 preparing his affidavit for the present Fees Motion. *See* ECF No. 30-2 at 8. I will permit this amount, charged at his active rate, despite the fact that it was literally incurred after the claim's initiation, since the amount is *de minimis*.

[4] The OSM Forum Hourly Rate Fee Schedules are available on the Court's Website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[5] This amount is calculated as follows: ($200 - $186 = $14 x 22.35 hrs = $312.90) + ($200 - $197 = $3 x 5.22 hrs = $15.66) + ($225 - $212 = $13 x 1.77hrs = $23.01) = $351.57.

## ATTORNEY COSTS

Petitioner has also provided supporting documentation for all claimed costs. ECF No. 30-1 at 36-53. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $32,765.09 as follows:**

**A lump sum of $24,270.29, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Matthew Joseph's IOLTA account for prompt disbursement; and**

**A lump sum of $8,494.80, representing reimbursement for attorney fees and costs incurred by former counsel, Wolff and Wolff, to be paid through an ACH deposit to Petitioner's counsel of record: Matthew Joseph Devoti's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.